DmOT

IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY MARYLAND

ANTHONY ROBINSON
1010 Folcroft Ln
Largo, MD 20774

    Plaintiff,

v.                                              Case No. CAL14-32388

✓ PENNSYLVANIA HIGHER EDUCATION ASSISTANCE
AGENCY d/b/a FEDLOAN SERVICING
Serve: James Preston, President & CEO
1200 North 7th Street, Harrisburg, PA 17102

    Defendant,

✓ UNITED STATES DEPARTMENT OF EDUCATION
Serve: Rod J. Rosenstein
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201

    Defendant,

✓ EQUIFAX INFORMATION SERVICES, LLC
Serve: The Corporation Trust Incorporated
351 West Camden Street
Baltimore, Maryland 21201

    Defendant,

✓ EXPERIAN INFORMATION SOLUTIONS, INC.
Serve: The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201

    Defendant,

✓ TRANS UNION, LLC
Serve: The Corporation Trust Incorporated
351 West Camden Street
Baltimore, MD 21201

    Defendant.



1



## COMPLAINT AND JURY DEMAND

The Plaintiff, Anthony Robinson, files suit against Pennsylvania Higher Education Assistance Agency ("PHEAA"), United States Department of Education ("US"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Fair Credit Reporting Act or "FCRA") and the common law tort of defamation.

### PARTIES

2. The Plaintiff, Anthony Robinson, is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

3. Defendant PHEAA is a student loan servicing company that furnishes information to consumer reporting agencies as contemplated by the FCRA, 15 U.S.C. § 1681-s-2(a-b). PHEAA conducts its student loan servicing operations commercially as American Education Services (or "AES") and for federally-owned loans as FedLoan Servicing (or "FLS"). In turn FedLoan Servicing services loans for the Defendant US Department of Education (or "Direct Loans").

4. Defendant Equifax is a credit reporting agency that operates throughout the United States, including the state of Maryland.

5. Defendant Experian is a credit reporting agency that operates throughout the United States, including the state of Maryland.

6.    Defendant Trans Union is a credit reporting agency that operates throughout the United States, including the state of Maryland.

7.    Defendant United States Department of Education provides and/or guarantees student loans. The US directly or indirectly causes credit information to be furnished to the credit reporting agencies and is a "furnisher" pursuant to the FCRA, 15 U.S.C. § 1681-s-2(a-b).

## FACTUAL ALLEGATIONS

8.    Mr. Robinson discovered that there were Direct Loan student loan accounts being reported to his Experian, Equifax and Trans Union credit reports.

9.    Under no circumstances did Mr. Robinson authorize a student loan account to be opened in his name.

10.    Since November 2011 or earlier, Mr. Robinson has been disputing the Direct Loan accounts. He has sent letters to Experian, Equifax and Trans Union (collectively, the "CRAs") stating that the Direct Loan accounts were fraudulently opened in his name. In addition to sending letters to the credit reporting agencies, Mr. Robinson has also sent letters directly to FLS and Direct Loan. And on at least one occasion he requested a description of the CRAs' investigations, including the contact information for the sources contacted during the investigation.

11.    His letters, including letters dated November 2012 and February 2013, explained that he only authorized Direct Loan to obtain his credit report. He pointed out that the document he signed merely authorized Direct Loan to perform a credit check. He then requested that a signature comparison be done. To that effect he directed the Defendants to compare his signature on the credit check authorization form, KHE-342, with the forged signature on the loan application form, KHE-309a.

12. Upon information and belief, the CRAs forwarded Plaintiff's disputes to FLS for investigation.

13. Whereas, a reasonable investigation would have resulted in FLS determining the signature on the application was a forgery, FLS failed to determine the obvious and instructed the CRAs to continuing reporting Plaintiff as responsible for the student loan accounts.

14. In Mr. Robinson's latest dispute, in April 2014, he provided a police report, a copy of his driver's license and social security card, a copy of his credit report with the disputed accounts encircled and a copy of section 611 of the FCRA. The letter concluded by "requesting that the Direct Loan accounts be removed, blocked or otherwise prevent[ed]from appearing on my credit report."

15. Trans Union and Experian responded by deleting or removing the disputed accounts while Equifax continued to report the disputed accounts.

## COUNT ONE: VIOLATION OF FCRA
## 15 U.S.C. §1681i

16. Plaintiff realleges and incorporates paragraphs 1 through 15 above as if fully set out herein.

17. Defendants Equifax, Experian and Trans Union willfully violated 15 U.S.C. §1681i(a)(1) on numerous occasions by failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and failing to record the current status of the disputed information or delete the item from the Plaintiff's credit files.

18. Defendants Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide Direct Loan or PHEAA with all the relevant information regarding the Plaintiff's disputes.

19. Defendants Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by the Plaintiff.

20. Defendants Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

21. Defendants Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(7) by failing to provide a description of the reinvestigation and failing to reveal the sources contacted information within 15 days of receiving Plaintiff's requests for such information.

22. Defendant Equifax violated 15 U.S.C. §1681c-2 by failing to block the Direct Loan accounts from being reported to Plaintiff's credit report.

23. As a result of Defendants' foregoing violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

24. The violations by Defendants were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. Punitive damages are required to change Defendants reckless disregard for the rights of consumers to obtain accuracy in their credit reports and remove erroneous data. In the alternative, Defendants were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

25. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATION OF FCRA
### (15 U.S.C. §1681s-2(b))

26. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

27. On one or more occasions within two years prior to the filing of this suit, by example only and without limitation, Defendants US and PHEAA violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

28. On one or more occasions within two years prior to the filing of this suit, by example only and without limitation, Defendants US and PHEAA violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

29. As a result of this conduct, action and inaction of Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

30. Defendants' conduct, actions and inactions were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

31. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant PHEAA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT THREE: DEFAMATION

32. Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

33. Defendants intentionally and maliciously made false statements publically about Plaintiff's credit history. Defendants US and PHEAA made false statements to the CRAs and the CRAs made false statements to creditors or potential creditors of Plaintiff.

34. Defendants false statements were published without a privilege.

35. As a result of Defendants publication, Plaintiff's credit scored has been reduced, credit applications have been denied, and credit and business opportunities have been lost. Plaintiff has also suffered substantial, actual damages including but not limited to: out-pocket expenses, frustration, upset, humiliation and embarrassment, emotional and mental pain and suffering.

36. Defendants' conduct were the proximate cause of Plaintiff's injuries, rendering Defendants liable for compensatory damages.

WHEREFORE, your Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

**TRIAL BY JURY DEMANDED**

Respectfully submitted,
ANTHONY ROBINSON

_____
Anthony Robinson
1010 Folcroft Lane
Largo, MD 20774
Tel: (240) 876-2344