IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARLAND

ANTHONY ROBINSON

    Plaintiff,

v.                                              Case No. 8:15-cv-00079-GJH

PENNSYLVANIA HIGHER EDUCATION ASSISTANCE
AGENCY d/b/a FEDLOAN SERVICING

    Defendant,

UNITED STATES DEPARTMENT  OF EDUCATION

    Defendant,

EQUIFAX INFORMATION SERVICES, LLC

    Defendant,

EXPERIAN INFORMATION SOLUTIONS, INC.

    Defendant,

TRANS UNION, LLC

    Defendant.

---

## AMENDED COMPLAINT AND JURY DEMAND

    The Plaintiff, Anthony Robinson, files suit against Pennsylvania Higher Education Assistance Agency ("PHEAA"), United States Department of Education ("US"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union"), and alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Fair Credit Reporting Act or "FCRA") and the common law tort of defamation.

## PARTIES

2.      The Plaintiff, Anthony Robinson, is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

3.      Defendant PHEAA is a student loan servicing company that furnishes information to consumer reporting agencies as contemplated by the FCRA, 15 U.S.C. § 1681-s-2(a-b). PHEAA conducts its student loan servicing operations commercially as American Education Services (or "AES") and for federally-owned loans as FedLoan Servicing (or "FLS"). In turn FedLoan Servicing services loans for the Defendant US Department of Education (or "Direct Loans").

4.      Defendant Equifax is a credit reporting agency that operates throughout the United States, including the state of Maryland.

5.      Defendant Experian is a credit reporting agency that operates throughout the United States, including the state of Maryland.

6.      Defendant Trans Union is a credit reporting agency that operates throughout the United States, including the state of Maryland.

7.      Defendant United States Department of Education provides and/or guarantees student loans. The US directly or indirectly causes credit information to be furnished to the credit reporting agencies and is a "furnisher" pursuant to the FCRA, 15 U.S.C. § 1681-s-2(a-b).

## FACTUAL ALLEGATIONS

8.     Mr. Robinson discovered that there were Direct Loan student loan accounts being reported to his Experian, Equifax and Trans Union credit reports.

9.     Under no circumstances did Mr. Robinson authorize a student loan account to be opened in his name.

10.     Since November 2011 or earlier, Mr. Robinson has been disputing the Direct Loan accounts. He has sent letters to Experian, Equifax and Trans Union (collectively, the "CRAs") stating that the Direct Loan accounts were fraudulently opened in his name. In addition to sending letters to the credit reporting agencies, Mr. Robinson has also sent letters directly to FLS and Direct Loan. And on at least one occasion he requested a description of the CRAs' investigations, including the contact information for the sources contacted during the investigation.

11.     His letters, including letters dated November 2012 and February 2013, explained that he only authorized Direct Loan to obtain his credit report. He pointed out that the document he signed merely authorized Direct Loan to perform a credit check. He then requested that a signature comparison be done. To that effect he directed the Defendants to compare his signature on the credit check authorization form, KHE-342, with the forged signature on the loan application form, KHE-309a.

12.     Upon information and belief, the CRAs forwarded Plaintiff's disputes to FLS for investigation.

13.     Whereas, a reasonable investigation would have resulted in FLS determining the signature on the application was a forgery, FLS failed to determine the obvious and instructed the CRAs to continuing reporting Plaintiff as responsible for the student loan accounts.

14.     In Mr. Robinson's latest dispute, in April 2014, he provided a police report, a copy of his driver's license and social security card, a copy of his credit report with the disputed accounts encircled and a copy of section 611 of the FCRA. The letter concluded by "requesting that the Direct Loan accounts be removed, blocked or otherwise prevent[ed]from appearing on my credit report."

15.     Trans Union and Experian responded by deleting or removing the disputed accounts while Equifax continued to report the disputed accounts.

## COUNT ONE: VIOLATION OF FCRA
### 15 U.S.C. §1681i

16.     Plaintiff realleges and incorporates paragraphs 1 through 15 above as if fully set out herein.

17.     Defendants Equifax, Experian and Trans Union willfully violated 15 U.S.C. §1681i(a)(1) on numerous occasions by failing to conduct a reasonable investigation to determine whether the disputed information was inaccurate and failing to record the current status of the disputed information or delete the item from the Plaintiff's credit files.

18.     Defendants Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(2) on multiple occasions by failing to provide Direct Loan or PHEAA with all the relevant information regarding the Plaintiff's disputes.

19.     Defendants Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(4) on multiple occasions by failing to review and consider all relevant information submitted by the Plaintiff.

20.     Defendants Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(5) (A) by failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation.

21.     Defendants Equifax, Experian and Trans Union violated 15 U.S.C. §1681i(a)(7) by failing to provide a description of the reinvestigation and failing to reveal the sources contacted information within 15 days of receiving Plaintiff's requests for such information.

22.     Defendant Equifax violated 15 U.S.C. §1681c-2 by failing to block the Direct Loan accounts from being reported to Plaintiff's credit report.

23.     As a result of Defendants' foregoing violations, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

24.     The violations by Defendants were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. Punitive damages are required to change Defendants reckless disregard for the rights of consumers to obtain accuracy in their credit reports and remove erroneous data. In the alternative, Defendants were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

25.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT TWO: VIOLATION OF FCRA**
**(15 U.S.C. §1681s-2(b))**

26.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

27.     On one or more occasions within two years prior to the filing of this suit, by example only and without limitation, Defendants US and PHEAA violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(A) by failing to fully and properly investigate the Plaintiff's disputes.

28.     On one or more occasions within two years prior to the filing of this suit, by example only and without limitation, Defendants US and PHEAA violated the FCRA, 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

29.     As a result of this conduct, action and inaction of Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein: credit damage, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

30.     Defendants' conduct, actions and inactions were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendant was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

31.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant PHEAA in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

**COUNT THREE: DEFAMATION**

32.     Plaintiff realleges and incorporates all other factual allegations set forth in the Complaint.

33.     Defendants intentionally and maliciously made false statements publically about Plaintiff's credit history. Defendant PHEAA made false statements to the CRAs and the CRAs made false statements to creditors or potential creditors of Plaintiff.

34.     PHEAA's owns records clearly demonstrate that it Plaintiff's signature was forged on the documents that opened the subject accounts. PHEAA was in possession of a document containing Plaintiff's authentic signature and markedly varied from the forged signature on the documents opening the subject accounts.

35.     Furthermore, PHEAA was contacted by Plaintiff via mail, by telephone and indirectly through the credit reporting agencies on numerous occasions wherein the Plaintiff advised PHEAA that he did not open the accounts and provided the documentation for PHEAA to verify the account was not opened by Plaintiff.

36.     Despite knowing the Plaintiff did not open the account and that he did not owe a debt to it, PHEAA published that Plaintiff was indebted and/or delinquent on his debt payments to PHEAA. The statements were defamatory in tending to injure the Plaintiff's credit profile and credit reputation in the financial community, as it impugn him to be financially irresponsible when in fact Plaintiff had no obligation to pay PHEAA.

37.     In its publications or reporting to the CRAs, Defendant PHEAA knowingly made the aforementioned false and defamatory statements about Plaintiff as a collection tactic to coerce Plaintiff into paying PHEAA.

38.     Defendant PHEAA published this false and defamatory publication to the credit bureaus, who reasonably understood this publication to be defamatory.

39.     Defendant PHEAA knew the CRAs would publish the false and defamatory publication to other creditors and users of Plaintiff's credit report.

40.     Defendant PHEAA acted with knowledge of the falsity of the statements and with the intent to frustrate and break the will of the Plaintiff. PHEAA intended to harm the Plaintiff's chances of obtaining credit when instructing the CRAs to report the erroneous and derogatory credit information about the Plaintiff.

41.     The CRAs were on notice that the information that PHEAA was providing them was erroneous. Despite knowing the information from PHEAA was inaccurate, the CRAs continued to report the information with the intent of furthering PHEAA's goal of harming the Plaintiff as described in the paragraphs immediately above.

42.     Defendants false statements were published without a privilege.

43.     As a result of the false and defamatory statements published by Defendant PHEAA, the character and financial reputation of the Plaintiff was harmed, his standing and reputation in the financial and credit community were impaired, and he suffered mental anguish.

44.     As a direct and proximate result of the false and defamatory credit reporting published by Defendant PHEAA, Plaintiff's credit score and credit profiles was injured, thereby suffering a loss of prospective credit.

WHEREFORE, Plaintiff demands judgment for actual, statutory and punitive damages against Defendants, jointly and severally; for his attorney's fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

**TRIAL BY JURY DEMANDED**

                                                Respectfully submitted,


                                                 _/s/__Quinn Lobato_____
                                                 QUINN LOBATO, Bar No. 18579
                                                 Lobato Law
                                                 8583 Seasons Way
                                                 Lanham, MD 20706
                                                 (240) 305-4770
                                                 quinn.lobato@gmail.com
                                                 *Counsel for Plaintiff*


### CERTIFICATE OF SERVICE

      I certify that on June 3, 2015, a copy of the foregoing Request for Pre-Trial Conference was caused to be served on all parties by filing these documents with the Court's CM/ECF system.

                                                 _/s/_____Quinn Lobato_____
                                                 Quinn Lobato