IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

ANTHONY ROBINSON,  \*

    Plaintiff,  \*

v.                                    Case No.: GJH-15-0079

                             \*

PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE  \*
AGENCY, *et al.*,

                             \*

    Defendants.

                             \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION

Plaintiff Anthony Robinson ("Plaintiff" or "Robinson") brings suit against Defendants Pennsylvania Higher Education Assistance Agency d/b/a FedLoan Servicing, the United States Department of Education ("USDE"), Equifax Information Services, LLC, and Experian Information Solutions, Inc.,[1] alleging claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and common law defamation. Defendant USDE has filed a Motion to Dismiss for Lack of Jurisdiction under Fed. R. Civ. P. 12(b)(1). ECF No. 41. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Defendant's Motion to Dismiss is granted and USDE is dismissed from this action.

**I.   BACKGROUND**

At the motion to dismiss stage, the Court takes the allegations in Plaintiff's Amended Complaint as true. Some time prior to November 2011, Robinson "discovered that there were Direct Loan student loan accounts being reported to his Experian, Equifax, and Trans Union

---

[1] Defendant Trans Union, LLC was terminated from suit on September 2, 2015. ECF No. 49; ECF No. 50.

credit reports." ECF No. 38 ¶ 8. Robinson had not authorized a student loan account to be opened in his name. *Id.* ¶ 9. In November 2011, Robinson began disputing the Direct Loan accounts with Experian, Equifax, and Trans Union (collectively, the "credit reporting agencies" or "CRAs"), as well as with FedLoan Servicing and Direct Loans directly.[2] *Id.* ¶ 10. In his disputes, Plaintiff stated that the Direct Loan accounts were "fraudulently opened in his name," and that he had only authorized Direct Loan to perform a credit check, not to open a loan account in his name. *Id.* ¶ 11. Plaintiff requested a description of the CRAs' investigations into these disputes. *Id.* ¶ 10. Plaintiff also states that upon information and belief, the CRAs forwarded his disputes to FLS for additional investigation. *Id.* ¶ 12. In April 2014, Plaintiff alleges that he provided a police report, a copy of his driver's license, a copy of his credit reports, and other documents in support of his disputes. *Id.* ¶ 14.

Plaintiff filed an Amended Complaint in this Court on June 3, 2015. ECF No. 38. USDE filed its Motion to Dismiss for Lack of Jurisdiction on June 12, 2015. ECF No. 41. Plaintiff filed an Opposition to the Motion to Dismiss, ECF No. 46, and USDE filed a Reply. ECF No. 48.[3]

## II. STANDARD OF REVIEW

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F.

---

[2] According to Plaintiff's Amended Complaint, Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") is a student loan servicing company. ECF No. 38 ¶ 3. PHEAA conducts its student loan servicing operations commercially as American Education Services ("AES") and for federally-owned loans as FedLoan Servicing ("FLS"). *Id.* ¶ 3. FLS services loans for the U.S. Department of Education ("Direct Loans"). *Id.*

[3] Additionally, following a joint Motion to Stay, the proceedings in this case were stayed on June 19, 2015 pending appeals in two controlling cases, unrelated to the legal issue discussed in this Opinion, before the Fourth Circuit. ECF No. 40; ECF No. 42. After the Fourth Circuit issued its decisions in those cases, Plaintiff filed a Motion to Lift Stay on December 23, 2015, but Defendant PHEAA opposed pending *writ of certiorari* petitions to the Supreme Court. ECF No. 51; ECF No. 52. The parties conferred about proceeding to discovery while the case was stayed as to Defendant PHEAA, but Defendant USDE objected because of the pending Motion to Dismiss. ECF No. 55.

credit reports." ECF No. 38 ¶ 8. Robinson had not authorized a student loan account to be opened in his name. *Id.* ¶ 9. In November 2011, Robinson began disputing the Direct Loan accounts with Experian, Equifax, and Trans Union (collectively, the "credit reporting agencies" or "CRAs"), as well as with FedLoan Servicing and Direct Loans directly.[2] *Id.* ¶ 10. In his disputes, Plaintiff stated that the Direct Loan accounts were "fraudulently opened in his name," and that he had only authorized Direct Loan to perform a credit check, not to open a loan account in his name. *Id.* ¶ 11. Plaintiff requested a description of the CRAs' investigations into these disputes. *Id.* ¶ 10. Plaintiff also states that upon information and belief, the CRAs forwarded his disputes to FLS for additional investigation. *Id.* ¶ 12. In April 2014, Plaintiff alleges that he provided a police report, a copy of his driver's license, a copy of his credit reports, and other documents in support of his disputes. *Id.* ¶ 14.

Plaintiff filed an Amended Complaint in this Court on June 3, 2015. ECF No. 38. USDE filed its Motion to Dismiss for Lack of Jurisdiction on June 12, 2015. ECF No. 41. Plaintiff filed an Opposition to the Motion to Dismiss, ECF No. 46, and USDE filed a Reply. ECF No. 48.[3]

## II. STANDARD OF REVIEW

"It is well established that before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. *See Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F.

---

[2] According to Plaintiff's Amended Complaint, Defendant Pennsylvania Higher Education Assistance Agency ("PHEAA") is a student loan servicing company. ECF No. 38 ¶ 3. PHEAA conducts its student loan servicing operations commercially as American Education Services ("AES") and for federally-owned loans as FedLoan Servicing ("FLS"). *Id.* ¶ 3. FLS services loans for the U.S. Department of Education ("Direct Loans"). *Id.*

[3] Additionally, following a joint Motion to Stay, the proceedings in this case were stayed on June 19, 2015 pending appeals in two controlling cases, unrelated to the legal issue discussed in this Opinion, before the Fourth Circuit. ECF No. 40; ECF No. 42. After the Fourth Circuit issued its decisions in those cases, Plaintiff filed a Motion to Lift Stay on December 23, 2015, but Defendant PHEAA opposed pending *writ of certiorari* petitions to the Supreme Court. ECF No. 51; ECF No. 52. The parties conferred about proceeding to discovery while the case was stayed as to Defendant PHEAA, but Defendant USDE objected because of the pending Motion to Dismiss. ECF No. 55.

App'x 960 (4th Cir. 2004). Once a challenge is made to subject matter jurisdiction, the Plaintiff bears the burden of proving that subject matter jurisdiction exists. *See Ferdinand–Davenport v. Children's Guild,* 742 F. Supp. 2d 772, 777 (D. Md. 2010) (citing *Piney Run Pres. Ass'n v. Cty. Comm'rs of Carroll Cty., Md.,* 523 F.3d 453, 459 (4th Cir. 2008)). The Court should grant a Rule 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.,* 166 F.3d 642, 647 (4th Cir. 1999).

### III. ANALYSIS

#### A. The Fair Credit Reporting Act

"Congress enacted FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Saunders v. Branch Banking and Trust Co. of Va.,* 526 F.3d 142, 147 (4th Cir. 2008) (citing *Safeco Ins. Co. of Am. v. Burr,* 551 U.S. 47, 52 (2007)). The Act imposes civil liability on "any person" who "willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer," § 1681n, or who "is negligent in failing to comply with any requirement imposed under this subchapter," § 1681o. The Act defines "person" to mean "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." § 1681a(b). The parties dispute whether "government or governmental subdivision or agency" in the definition of "person" includes the Department of Education, which is a federal agency.

#### B. Sovereign Immunity

The doctrine of "[s]overeign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" *United States v. Bormes,* 133 S.Ct. 12, 16

(2012) (quoting *United States v. Nordic Vill., Inc.*, 503 U.S. 30, 33 (1992)). "[T]he Government's consent to be sued must be construed strictly in favor of the sovereign, and not enlarged beyond what the statute requires." *Nordic Vill.*, 503 U.S. at 34 (internal quotations omitted). A waiver of sovereign immunity cannot be implied, *see United States v. King*, 395 U.S. 1, 4 (1969), and "all ambiguities" are to be "resolved in favor of the Government." *DePhillips v. United States*, No. 8:09-CV-00905, 2009 WL 4505877, at *2 (D. Md. Nov. 24, 2009) (citing *Nordic Vill.*, 503 U.S. at 34)). If sovereign immunity has not been waived, federal courts lack subject matter jurisdiction over the claim. *DePhillips*, 2009 WL 4505877 at *2 (citing *Verlinden B.V. v. Cent. Bank of Nig.*, 461 U.S. 480, 485 n.5 (1983)); *McLean v. United States*, 566 F.3d 391, 401–02 (4th Cir. 2009)). In its Motion to Dismiss, Defendant USDE urges the Court to find that the FCRA does not waive sovereign immunity for the federal government and therefore that the Court does not have subject matter jurisdiction. ECF No. 41-1 at 4–14.[4]

Neither the Supreme Court nor the Fourth Circuit has squarely ruled upon whether the FCRA waives sovereign immunity. *See United States v. Bormes*, 133 S. Ct. 12, 20 (2012) ("We do not decide here whether FCRA itself waives the Federal Government's immunity to damages actions under § 1681n"); *Bormes v. United States*, 759 F.3d 793, 795 (7th Cir. 2014) ("As far as we can tell, this is the first appellate decision on the issue."). In *United States v. Bormes*, the Supreme Court held that the Little Tucker Act, 28 U.S.C. § 1346(a)(2), which provides that "[t]he district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny . . . civil action or claim against the United States, not exceeding $10,000 in amount, founded . . . upon . . . any Act of Congress," does not waive sovereign immunity of the United States with respect to violations of the FCRA. *Bormes*, 133 S. Ct. at 15.

---

[4] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

However, the Supreme Court did not decide whether the FCRA itself waives sovereign immunity, and instead remanded that question back to the Seventh Circuit. *Id.* at 20. The Supreme Court instructed that "[s]ince FCRA is a detailed remedial scheme, only *its own* text can determine whether the damages liability Congress crafted extends to the Federal Government." *Id.* at 19 (emphasis in original).

On remand, the Seventh Circuit held that the FCRA waived sovereign immunity. *Bormes v. United States*, 759 F.3d 793, 795. In so holding, the Seventh Circuit relied on the plain language of the definition "person," which includes "government." *Id.* The court referenced the history of the FCRA, noting that while Section 1681n, as originally enacted in 1970, applied only against consumer reporting agencies, Congress amended Section 1681n in 1996, expanding liability to all "persons." *Id.* However, the legislative history did not discuss how this expansion interacted with the existing definition of "person" in § 1681a(b), which encompasses "any . . . government." *Id.* at 795. The United States, as defendant in *Bormes*, argued that while it was a "person" for the purposes of the Act's substantive requirements, Congress did not intend for damages liability under § 1681n to also apply to the federal government. The Seventh Circuit responded, "[b]ut if the United States is a 'person' under § 1681a(b) for the purpose of duties, how can it *not* be one for the purpose of remedies?" *Id.* at 795. It concluded accordingly, "Section 1681a(b) does what it has done since 1970, no matter what happens to other sections. . . . [it] waive[s] sovereign immunity for all requirements and remedies that another section authorizes against any 'person.' Congress need not add 'we really mean it!' to make statutes effectual." *Id.* at 796.

The Seventh Circuit's decision in *Bormes* conflicted with a number of district court opinions on the subject. For example in *Stellick v. U.S. Dep't of Educ.*, No. 11-CV-0730

PJS/JJG, 2013 WL 673856, at *1 (D. Minn. Feb. 25, 2013), the court held that although "person" in § 1681a(b) includes "government," this does not constitute Congress's "unequivocal expression" of consent to be sued. *See Stellick*, 2013 WL 673856, at *3. The court reasoned that when the FCRA was enacted in 1970, its remedial provisions, §§ 1681n and 1681o, applied not to "persons" but to consumer-reporting agencies. *Id.* At that time, the federal government was not acting as a consumer reporting agency, so it was "understandable . . . why Congress did not think to include within the FCRA a provision explicitly preserving sovereign immunity." *Id.* Thus, in contrast to the Seventh Circuit's reading of the legislative history, the *Stellick* court did not read the history to express an unequivocal waiver. The court further reasoned that reading a waiver of sovereign immunity into the statute would impose punitive damages and criminal liability on the United States under § 1681n(a)(2) and § 1681q. *Id.* at *4. This consequence, in the court's view, "would be immense." *Id.*; *see also Gillert v. U.S. Dep't of Educ.*, No. CIV. 08-6080, 2010 WL 3582945, at *3 (W.D. Ark. Sept. 7, 2010) ("Plaintiff's argument that the FCRA waives sovereign immunity by including in the definition of 'persons', the terms 'government or governmental subdivision' is unconvincing."); *Ralph v. U.S. Air Force MGIB*, No. 06-CV-02211-ZLW-KLM., 2007 WL 3232593, at *3 (D. Colo. Oct. 31, 2007) (holding that "the United States has not consented to suit under [the FCRA]").

Additionally, even after the Seventh Circuit's decision in *Bormes*, the district court in *Daniel v. Nat'l Park Serv.*, No. CV 16-18-BLG-SPW, 2016 WL 4401369, at *3 (D. Mont. Aug. 17, 2016) declined to follow suit. The *Daniel* court held, after reviewing all relevant authorities, that:

> [T]he Court believes that the district court opinions from this circuit are more persuasive than *Bormes* and finds that the FCRA does not contain an unequivocal waiver of sovereign immunity. The FCRA is ambiguous as to whether plaintiffs can recover

> damages against government entities, as federal statutes typically waive sovereign immunity in clearer terms.

*Daniel*, 2016 WL 4401369, at *4. The court further found that "including the United States as a 'person' every time the term is used in the FCRA would lead to inconsistent usage and potentially absurd results." *Id.* at *5.

In this case, the Court also declines to follow the Seventh Circuit's decision in *Bourne*. The Court starts with the guiding principle that "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A waiver of sovereign immunity "must be unequivocally expressed in statutory text . . . and will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (internal citations omitted). Congress is well-equipped and able to construct statutory language waiving sovereign immunity, and it has done so in other instances. The Federal Tort Claims Act, for example, specifically authorizes "claims against the United States for money damages" for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his [or her] office or employment." 28 U.S.C. § 1346(b)(1). The Tucker Act also authorizes "civil action[s] against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected . . . under the internal-revenue laws" and "civil action[s] or claim[s] against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress . . . or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . ." 28 U.S.C. § 1346(a)(1)–(2). No such language is found reading 15 U.S.C. § 1681a(b) and §§ 1681n–1681*o* of the FCRA together.

Additionally, a separate and unrelated section of the FCRA, 15 U.S.C. § 1681u imposes damages liability on "any agency or department of the United States" which unlawfully discloses consumer reports to the FBI for counterintelligence purposes. 15 U.S.C. § 1681u(j). Certainly if liability for the federal government were to be read wholesale into the FCRA, such language in § 1681u would be superfluous and unnecessary. The Court finds that in light of clear expressions of waiver in other statutes and even other provisions within the FCRA, §§ 1681n–1681o cannot be construed to waive sovereign immunity for the United States.

Moreover, "correctly reading a statute 'demands awareness of certain presuppositions.'" *Bond v. U.S.*, 134 S.Ct. 2077, 2088 (2014) (noting that even though a criminal statute, read on its face, would cover a chemical weapons crime committed in Australia, the Supreme Court would not apply the statute to such conduct "absent a plain statement from Congress."). "In settling on a fair reading of a statute, it is not unusual to consider the ordinary meaning of a defined term, particularly when there is dissonance between that ordinary meaning and the reach of the definition." *Id.* at 2091. Here, sweeping the federal government into every instance where the FCRA imposes liability on "persons" would expose the federal government not only to actual damages under § 1681o, but punitive damages under § 1681n and even criminal liability under § 1681q ("any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under Title 18, imprisoned for not more than 2 years, or both"). It is inconceivable that Congress intended such a result absent a clear statement. *See Stellick*, 2013 WL 673856, at *; *Daniel*, 2016 WL 4401369, at *5.

Plaintiff's additional arguments for waiver are unavailing. Plaintiff asserts that "[i]f the Court were to accept the USDE's interpretation, then consumers and the Courts would have no power under the FCRA to correct inaccurate credit reporting of the USDE." ECF No. 46 at 1.

However, Plaintiff maintains administrative remedies to seek discharge of his student loan debt. *See* 34 C.F.R. § 685.214 ("[i]n order to qualify for discharge of a loan under this section, a borrower must submit to the Secretary a written request and sworn statement, and the factual assertions in the statement must be true"); *Ogunmokun v. Am. Educ. Servs./PHEAA*, No. 12-CV-4403 RRM JO, 2014 WL 4724707, at *4 (E.D.N.Y. Sept. 23, 2014) (noting that "[u]nder the Higher Education Act ("HEA"), which governs student loans guaranteed federally by the Department of Education, a borrower seeking certain types of loan relief must normally avail himself of the administrative process" and discussing discharge of student loan debt on grounds of "identity theft").

In sum, the Court finds that the provisions of the FCRA cited by Plaintiff do not contain a clear and unequivocal waiver of sovereign immunity. Accordingly, the Court is without subject matter jurisdiction, and Defendant USDE shall be dismissed from suit.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, ECF No. 41, is granted. A separate Order shall issue.

Date: April 3, 2017

GEORGE J. HAZEL
United States District Judge