IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

ANTHONY ROBINSON,

 Plaintiff,

v.            Case No.: GJH-15-79

PENNSYLVANIA HIGHER EDUCATION
ASSISTANCE AGENCY, *et al.*,

 Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Anthony Robinson's Motion for Reconsideration of this Court's April 3, 2017 Order, ECF No. 67, granting Defendant United States Department of Education's Motion to Dismiss, ECF No. 41, and Defendant Pennsylvania Higher Education Assistance Agency's ("PHEAA's") Motion to Dismiss Robinson's defamation claim, ECF No. 68. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016).

In his Amended Complaint, Robinson alleges that the Defendants violated the Fair Credit Reporting Act ("FCRA"), ECF No. 38 ¶¶ 16–31, and are liable for defamation, *id.* ¶¶ 32–44. In sum, Robinson alleges that he discovered that Direct Loan student loan accounts were being reported to his Experian, Equifax and Trans Union (the "Credit Reporting Agencies" or "CRAs") credit reports under his name, *id.* ¶ 8, although he had not authorized the accounts, *id.* ¶ 11. Since 2011, Robinson has been disputing the accounts with the CRAs and PHEAA. *Id.* ¶ 10. Robinson asserts that the CRAs and PHEAA violated the FCRA by, among other things, "failing to conduct a reasonable investigation" regarding his dispute, *id.* ¶ 17, failing to provide specific

information to Robinson, *id.* ¶ 21, and failing to review specific information provided by Robinson, *id.* ¶ 28.

1. <u>Motion for Reconsideration</u>

On June 12, 2015, Defendant United States Department of Education filed a Motion to Dismiss the Amended Complaint for Lack of Jurisdiction, arguing that the FCRA did not expressly waive the United States' sovereign immunity. ECF No. 41-1 at 13. On April 3, 2017, the Court granted the Department of Education's Motion, finding that a careful reading of the FCRA established that the provisions "do not contain a clear and unequivocal waiver of sovereign immunity." ECF No. 66 at 9. The Court acknowledged that the Seventh Circuit had come to the opposite conclusion in *Bormes v. United States*, 759 F.3d 793, 795 (7th Cir. 2014); however, the Court declined to follow the Seventh Circuit's reasoning, explaining that "[t]he Seventh Circuit's decision . . . conflicted with a number of district court opinions," and that even after *Bormes*, additional district courts had declined to read a waiver of sovereign immunity into the FCRA. *See* ECF No. 66 at 5–6 (citing *Daniel v. Nat'l Park Serv.*, No. CV 16-18-BLG-SWP, 2016 WL 4401369, at *3 (D. Mont. Aug. 17, 2016) ("The FCRA is ambiguous as to whether plaintiffs can recover damages against government entities, as federal statutes typically waive sovereign immunity in clearer terms.")). On April 17, 2017, Robinson filed a Motion for Reconsideration, asking the Court to reconsider its dismissal of the Department of Education from this case. ECF No. 69.

A motion for reconsideration filed within 28 days of the underlying order is governed by Federal Rule of Civil Procedure 59(e). Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence; or (3) to correct clear error of law or prevent

2

manifest injustice. *See United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (citing *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)), *cert. denied*, 538 U.S. 1012 (2003). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co.*, 148 F.3d at 403 (quoting 11 Wright, *et al.*, Federal Practice and Procedure § 2810.1, at 127–28 (2d ed. 1995)). *See also Sanders v. Prince George's Public School System*, No. RWT 08-cv-501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011) (a motion for reconsideration is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request"). "In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Id.* (quoting Wright, *et al.*, *supra*, § 2810.1, at 124).

Here, Robinson argues that the Court's Order "contains a clear error of law." ECF No. 69 at 1. Robinson argues first that the terms of the FCRA are "undisputedly open to only one interpretation—that the United States is [a] 'person' under the FCRA." *Id.* at 3. Robinson then argues that it was an error of law for the Court to decline to imply a waiver of sovereign immunity, as other sections of the FCRA expressly imposed damages liability on the United States. *Id.* at 5. Finally, Robinson argues that the Court erred by "attempt[ing] to rewrite the statute." *Id.* at 11. These are the same arguments Robinson made in his Opposition to Defendant United States Department of Education's Motion to Dismiss Amended Complaint for Lack of Jurisdiction. *See, e.g.*, ECF No. 46 at 6 ("The FCRA's Unambiguous Definition of 'Person' As Including the 'Government' Shows that Congress Intended to Waive Sovereign Immunity"), 11 ("The Consequences of Waiving Sovereign Immunity Are Appropriate Because the United States Voluntarily Acts as a Substantial Furnisher"), 12 ("It is not the role

3

of the judiciary to substitute its judgment for that of Congress when Congress has enacted statute with clear, unequivocal intentions by assuming that Congress must have failed to consider the consequences of the statute.").

It is certainly true that there is a "split of persuasive authority" on the question of whether the FCRA waived the United States' sovereign immunity. *See Tice v. United States Dep't of Treasury*, No. 2:16-CV-1813-CWH, 2017 WL 3017717, at *3 (D.S.C. Mar. 30, 2017) (collecting cases from various district courts split on this issue). But while the Fourth Circuit has not opined on this issue, at least one other court in this Circuit has similarly found that "the FCRA does not unequivocally waive the United States' sovereign immunity for the violations of the FCRA that are at issue here." *Id.* at *5. Furthermore, since the April 3, 2017 Order, this Court has had another opportunity to consider whether the FCRA waived sovereign immunity, and held that "the provisions of the FCRA imposing civil liability for noncompliance with its provisions do not contain an unequivocal waiver of sovereign immunity for the federal government." *Johnson v. Devos*, No. GJH-15-1820, 2017 WL 3475668, at *5 (D. Md. Aug. 11, 2017). Robinson may disagree with the Court's April 3, 2017 decision, as may other courts; however, with no precedent in this Circuit or from the Supreme Court directing it otherwise, *id.* at *3 (noting that the Supreme Court and Fourth Circuit "have not addressed whether the FCRA contains a waiver of sovereign immunity"), and with a number of other district courts having arrived at the same conclusion, the Court cannot conclude that its decision contained a "clear error of law" as required to reconsider its decision. As such, Robinson's Motion for Reconsideration, ECF No. 67 is denied.

## 2. Motion to Dismiss Count III of the Amended Complaint

PHEAA's Motion to Dismiss Robinson's defamation claim, ECF No. 68—which Robinson did not oppose—is denied. PHEAA argues that Robinson's defamation claim is "preempted by the . . . FCRA" and should be dismissed. ECF No. 68-1 at 1. 15 U.S.C. § 1681h(e) provides that "[e]xcept as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information . . . except as to false information furnished with malice or willful intent to injure such consumer." To plead malice, a plaintiff must plead that the defendant "acted with reckless disregard for the truth or falsity of the information it was reporting, which requires a showing that [the defendant] acted with a high degree of awareness of probable falsity or had serious doubts as to its veracity." *Alston v. United Collections Bureau, Inc.*, No. DKC-13-0913, 2014 WL 859013, at *11 (D. Md. Mar. 4, 2014). To plead a willful intent to injure, a plaintiff must plead that the defendant "knowingly and intentionally committed an act in conscious disregard for [plaintiff's] rights." *Beachley v. PNC Bank, Nat. Ass'n*, No. CIV. JKB-10-1774, 2011 WL 3705239, at *5 (D. Md. Aug. 22, 2011). Plaintiffs cannot merely plead a "formulaic recitation of the elements" of a claim to survive a Motion to Dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

PHEAA argues that "Plaintiff's Amended Complaint does not make a single factual allegation that suggests PHEAA acted maliciously or with a willful intent to injure." ECF No. 68-1 at 1.[1] The Court finds otherwise. Robinson alleges that he provided PHEAA with a copy of his signature, which showed that the signature on the documents opening the loan accounts was a

---

[1] PHEAA relies heavily on *Beachley*, 2011 WL 3705239, as being factually similar to this case. However, the Court notes that the cases differ procedurally, as the court in *Beachly* granted a motion for summary judgment, rather than a motion to dismiss. *Id.* at *1. While Robinson's factual allegations may or may not find evidentiary support during discovery, at this stage they must be presumed to be true.

5

forgery. ECF No. 38 ¶ 34. Furthermore, Robinson alleges that he advised PHEAA on numerous occasions that he did not open the accounts, and provided them with documentation that verified his claim. *Id.* ¶ 35. Robinson claims that PHEAA, despite knowing that the accounts had not been opened by Robinson, falsely reported his delinquency to the CRAs "as a collection tactic to coerce Plaintiff into paying PHEAA," *id.* ¶ 37, and with the intent to "harm the Plaintiff's chances of obtaining credit," *id.* ¶ 40. Thus, at this stage, the Court finds that Robinson has sufficiently pleaded that PHEAA acted with "reckless disregard" that the information it was sending to the CRAs was false, as required to establish malice. As such, the Court finds that Robinson's defamation claim is not preempted by § 1681h(e).

\* \* \*

For the foregoing reasons, it is hereby **ORDERED** that:

1. PHEAA's Motion to Dismiss Count III of the Amended Complaint, ECF No. 68, is hereby **DENIED**; and,

2. Robinson's Motion for Reconsideration, ECF No. 69, is hereby **DENIED**.

Dated: November 13, 2017

GEORGE J. HAZEL
United States District Judge